ACCEPTED
01-15-00276-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/26/2015 2:58:58 PM
CHRISTOPHER PRINI
CLERK

01-15-00276-CV

No. _____

# In the Court of Appeals
## for the _____ Judicial District
## Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/26/2015 2:58:58 PM
CHRISTOPHER A. PRINE
Clerk

---

## *In re* PAULA TOMASI, *Relator*

---

Original Proceeding Arising from the
245th Judicial District of Harris County, Texas
Trial Court Cause No. 2012-03438
The Honorable Roy Moore

---

## PETITION FOR WRIT OF MANDAMUS

---

SCHLANGER, SILVER, BARG & PAINE, LLP
Patricia A. Wicoff
State Bar No. 21422500
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
(713) 735-8514
(713) 351-4514 Facsimile
pwicoff@ssbplaw.com (non-service emails)
famlawservice@ssbplaw.com (email service only)
Attorney for Paula Tomasi, Relator

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties and all counsel who have appeared in this matter:

| | |
|---|---|
| Relator | Paula Tomasi |
| Trial & Appellate Counsel for Relator | SCHLANGER, SILVER, BARG & PAINE, LLP<br>Patricia A. Wicoff<br>State Bar No. 21422500<br>109 North Post Oak Lane, Suite 300<br>Houston, Texas 77024<br>(713) 735-8514<br>(713) 351-4514 Facsimile<br>pwicoff@ssbplaw.com (non-service emails)<br>famlawservice@ssbplaw.com (email service only)<br>Attorney for Paula Tomasi, Relator |
| Respondent | The Honorable Roy Moore<br>245th Judicial District Court<br>201 Caroline, 15th Floor<br>Houston, Texas 77002 |
| Real Party in Interest | Diego David Tomasi |
| Counsel for Real Party in Interest | BURGOWER & RAINWATER, LLP<br>Wendy S. Burgower<br>State Bar No. 03383600<br>service@brfamilylaw.com<br>3355 W. Alabama, Suite 825<br>Houston, Texas 77098<br>(713) 529-3982<br>(713) 522-5045 Facsimile |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

ARGUMENT AND AUTHORITIES

    A.    Standard of Review: Availability of Mandamus Relief. . . . . . . . . . . . . 8-9

    B.    A Trial Court Has No Discretion to Fail and Refuse to
        Consider a Motion and Make a Ruling Upon that Motion . . . . . . . . . 9-11

    C.    ISSUE: The Trial Court Clearly Abused Its Discretion by
        Failing and Refusing to Rule on Relator's Motion. . . . . . . . . . . . . . 11-13

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

APPENDIX A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

APPENDIX B. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

# INDEX OF AUTHORITIES

## CASE LAW

*Barnes v. State,* 832 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding); .............................................................................................. 9

*Erbs v. Bedard,* 760 S.W.2d 750, 755 (Tex. App.—Dallas 1988, orig. proceeding) .......................................................................................................... 12

*Eli Lilly & Co v. Marshall,* 829 S.W.2d 157 (Tex.1992)(per curiam) ........... 8, 9, 10

*In re Blakeney,* 254 S.W.3d 659, 661 (Tex.App.—Texarkana 2008, orig. proceeding). ...................................................................................... 8, 10, 11

*In re Cash,* 99 S.W.3d 286, 288 (Tex.App.—Texarkana 2003, orig. proceeding). 11

*In re Chavez,* 62 S.W. 3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) ................................................................................................ 10, 11, 13

*In re Hearn,* 137 S.W.3d 681, 685 (Tex.App.—San Antonio 2004, orig. proceeding) ......................................................................................... 9

*In re Keeter,* 134 S.W.3d 250, 253 (Tex.App.—Waco 2003, orig. proceeding).............................................................................................. 11

*In re Layton,* 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding) ......................................................................................... 9

*In re Molina,* 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) ......................................................................................... 9

*In re Ramirez,* 994 S.W.2d 682, 684 (Tex.App.—San Antonio 1998, orig. proceeding) ........................................................................................ 11

*In re Rodriguez,* 77 S.W.3d 459, 460 (Tex.App.—Corpus Christi 2002, orig. proceeding) ........................................................................................ 10

*In re Shredder Co., L.L.C.,* 225 S.W.3d 676, 679 (Tex.App.—El Paso 2006, orig. proceeding). ........................................................................................ 10

*Kissam v. Williamson,* 545 S.W.2d 265 (Tex.App.—Tyler 1976, orig. proceeding) (per curiam)............................................................................................. 11

*Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding)............................................................................. 8-9

**APPENDICES:** The following documents are attached to this petition and incorporated in it for all purposes.

App. B, Exhibit A, Agreed Final Decree of Divorce................................................. 7
App. B, Exhibit B, Motion for Enforcement of Property Division ......................... 7
App. B, Exhibit C, Motion for the Court to Render Judgment................................ 8

## STATEMENT OF THE CASE

*Nature of the Case:*  This is a mandamus action brought by Paula J. Tomasi, Relator.

*Underlying Case:*  The underlying case arises out of Cause No. 2012-03438, entitled *"In the Matter of the Marriage of Diego David Tomasi and Paula J. Tomasi,"* in the 245th Judicial District Court of Harris County, Texas.

*Respondent:*  The Honorable Roy Moore, Judge of the 245th Judicial District Court of Harris County, Texas, whose address is 201 Caroline, 15th Floor, Houston, Texas 77002.

*Course of Proceedings:*  Relator filed a Motion for Enforcement of Property Division on April 25, 2013.

A hearing on Relator's motion for enforcement commenced May 28, 2014, and at the close of the day, the hearing was recessed until the following morning. The hearing was concluded on May 29, 2014.

Relator filed a Motion for the Court to Render Judgment on October 9, 2014. A hearing was held to consider the motion on January 16, 2015.

*Action for Which Relief is Sought:*  Respondent has failed to rule on the Motion for Enforcement of Property Division in a reasonable amount of time.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus under Section 6 of Article V of the Texas Constitution and Section 22.221(a) of the Texas Government Code.

## ISSUE PRESENTED

**ISSUE NO. 1:** The trial court clearly abused its discretion by failing and refusing to rule on Relator's motion.

## STATEMENT OF FACTS

On or about March 20, 2013 the 245th Judicial District Court of Harris County, Texas, entered a Final Decree of Divorce dissolving the marriage of the Petitioner, Diego David Tomasi (Diego), and Respondent, Paula J. Tomasi (Paula). **App. B, Exhibit A.** The Respondent, Diego Tomasi failed to comply with several terms of the agreement. It was out of necessity that on April 25, 2013, Paula filed a Motion for Enforcement of Property Division seeking relief from the court to intervene in the facilitation of the terms of the settlement agreement. **App. B, Exhibit B.**

On February 27, 2014, almost a year after Paula's motion for enforcement was filed, the trial court commenced the final trial on the motion. At the close of the day, the trial court recessed the trial to reconvene on May 28, 2014. The trial on Paula's motion for enforcement concluded the next day, May 29, 2014.

On October 9, 2014, more than four months after the trial on the motion, Paula filed a Motion for the Court to Render Judgment. **App. B, Exhibit C.**

A hearing on Paula's Motion for the Court to Render Judgment was heard on January 16, 2015. At that hearing, Judge Moore orally assured counsel that a ruling on the motion would be made within one weeks time. It has now been nearly ten months since the motion was heard, and to date, the trial court has not made a ruling on Paula's Motion for Enforcement of Property Division.

7

Relator now brings forth this Petition for Writ of Mandamus seeking relief from this Court commanding the trial court to issue its ruling on Relator's motion.

## ARGUMENT AND AUTHORITIES

### A. Standard of Review: Availability of Mandamus Relief.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. Of Las Colinas,* 290 S.W. 3d 204, 207 (Tex. 2009) (orig. proceeding). A court may abuse its discretion by failing to execute a ministerial task for which no discretion attaches. *See Eli Lilly & Co v. Marshall,* 829 S.W.2d 157, 158 (Tex.1992)(per curiam); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex.App.—Texarkana 2008, orig. proceeding). When a motion is properly filed and pending before a trial court, considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.— San Antonio 1997, orig. proceeding); *Barnes v. State,* 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding); *see also Eli Lilly & Co. v. Marshall,* 829 S.W.2d 157, 158, (Tex. 1992) (holding trial court abused its discretion by refusing to conduct hearing and render decision on motion).

To obtain mandamus relief for such a refusal, a realtor must establish that: (1) the trial court had a legal duty to perform a non-discretionary act, (2) a demand for performance was made, and (3) the trial court failed or refused to rule within a

reasonable amount of time. *Barnes v. State,* 832 S.W.2d 424, 426-27 (Tex.App.—

Houston [1ˢᵗ Dist.] 1992, orig. proceeding). That is, the movant is required to show

that the motion was brought to the attention of the trial court and the trial court

failed or refused to rule on the motion with a reasonable time. *In re Layton,* 257

S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina,* 94

S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding); *In re Hearn,*

137 S.W.3d 681, 685 (Tex.App.—San Antonio 2004, orig. proceeding).

**B.      A Trial Court Has No Discretion to Fail and Refuse to Consider a
Motion and Make a Ruling Upon That Motion.**

When a motion is properly filed and pending before a trial court, the act of

considering and resolving it is ministerial. *Barnes v. Texas,* 832 S.W.2d 424, 426

(Tex. App.—Houston [1ˢᵗ Dist.] 1992, orig. proceeding) (citing *Eli Lilly & Co. v.

Marshall,* 829 S.W.2d 157 (Tex. 1992) (orig. proceeding)). A ministerial act is one

that, according to law, must be performed with such certainty it does not require

the exercise of judicial discretion. *In re Rodriguez,* 77 S.W.3d 459, 460

(Tex.App.—Corpus Christi 2002, orig. proceeding). A court may abuse its

discretion by failing to execute a ministerial task for which no discretion attaches,

such as refusing to conduct a hearing or rule on a properly-pending motion. *See Eli

Lilly & Co v. Marshall,* 829 S.W.2d 157, 158 (Tex.1992)(per curiam); *In re

Blakeney,* 254 S.W.3d 659, 661 (Tex.App.—Texarkana 2008, orig. proceeding).

9

A trial judge is required to perform the ministerial duty of considering and ruling on a properly filed and pending motion within a "reasonable time." *In re Chavez,* 62 S.W. 3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). A trial court's refusal to rule on a pending motion within a reasonable amount of time constitutes a clear abuse of discretion. *In re Shredder Co., L.L.C.,* 225 S.W.3d 676, 679 (Tex.App.—El Paso 2006, orig. proceeding). Mandamus relief is available to compel a trial court to make a ruling within a reasonable time. *Id.* This rule does not intrude upon the trial court's discretion because a trial court has no discretion to refuse to act. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding). The trial court's judicial discretion extends only to its decision *how* to rule after it considers a motion properly before it. *Id.*

Whether a reasonable time has lapsed depends on the circumstances of each case. *In re Blakeney,* 254 S.W.3d 659, 662 (Tex.App.—Texarkana 2008, orig. proceeding). In considering what constitutes a reasonable amount of time, courts have examined a "myriad" of criteria including: (1) the trial court's actual knowledge of the motion, (2) its overt refusal to act on the same, (3) the state of the court's docket, (4) the existence of other judicial and administrative matters which must be addressed first, and (5) the trial court's inherent power to control its own

10

docket. *In re Chavez,* 62 S.W. 3d 225, 228-29 (Tex. App.—Amarillo 2001, orig. proceeding).

No specific amount of time has been established as to what separates a reasonable time period from an unreasonable one. *See In re Keeter,* 134 S.W.3d 250, 253 (Tex.App.—Waco 2003, orig. proceeding). However, periods of thirteen-months, five-months, and three-months have been held too long for a trial court not to rule. *In re Ramirez,* 994 S.W.2d 682, 684 (Tex.App.—San Antonio 1998, orig. proceeding); *In re Cash,* 99 S.W.3d 286, 288 (Tex.App.—Texarkana 2003, orig. proceeding); *Kissam v. Williamson,* 545 S.W.2d 265 (Tex.App.—Tyler 1976, orig. proceeding)(per curiam).

C.    Issue No. 1: The Trial Court Clearly Abused Its Discretion by Failing and Refusing to Rule on Relator's Motion.

Mandamus is appropriate in this case, as Relator can demonstrate that all requisites have been met for mandamus relief. First, the trial court has a nondiscretionary legal duty to consider and rule upon Relator's Motion for Enforcement of Property Division. Second, Relator demanded performance of this nondiscretionary act when she properly filed and was heard on her Motion for Enforcement of Property Division. Third, Relator has established that the trial court has failed and refused to perform its ministerial duty to enter a ruling within a reasonable time after Relator requested that it be performed. Relator has shown

11

that this petition is an appropriate request for mandamus relief, as all three requisites for mandamus relief have been met. *See Erbs v. Bedard,* 760 S.W.2d 750, 755 (Tex. App.—Dallas 1988, orig. proceeding).

Relator has shown that the trial court has a legal duty to consider and rule on her properly filed Motion for Enforcement of Property Division, and that such an act is considered a ministerial task, for which no discretion attaches.

Relator has demonstrated that the trial court has knowledge, as she has demanded performance through repeated attempts to secure a ruling from the trial judge on her motion for enforcement. Relator properly pled and filed her motion for enforcement with the trial court. Nearly one year later, a hearing on the motion was held before the trial judge. More than ten months have now elapsed since the trial court considered Relator's motion for enforcement.

Additionally, Relator went a step further in attempting to call the trial court's attention to the pending status of a ruling when she properly filed and urged her Motion for the Court to Render Judgment. Despite the trial judge pledging to deliver its ruling within a weeks time from that hearing, to date —some four months later—there has been no ruling on Relator's Motion for Enforcement of Property Division.

Relator has also shown that the trial court is outside of the reasonable time in which to make a ruling. Considering the factors set forth above, (1) the trial court

12

has knowledge of Relator's motion, as a hearing on her motion was held on May 28 and May 29, 2014, (2) the trial court has refused to rule on her motion despite assurances that a ruling would be made some four months prior to the filing of this petition, (3) the trial court's docket was of such a state that it was able to hold a hearing on Relator's motions and a number of other matters, (4) no judicial and administrative matters remain that must be addressed before the trial court's ruling, and (5) the trial court has the power to make a ruling on this motion. *See In re Chavez,* 62 S.W.3d 225, 228-29 (Tex.App.—Amarillo 2001, orig. proceeding).

Relator's Motion for Enforcement of Property Division was properly filed with and has been heard by the trial court. The trial court has refused and failed to rule on Relator's Motion for Enforcement of Property Division, though almost ten months have elapsed since the trial court heard Relator's motion. The trial court has a ministerial duty to rule on this properly filed and pending motion for enforcement. The trial court's failure to issue its ruling within a reasonable amount of time constitutes a clear abuse of discretion.

## CONCLUSION AND PRAYER

For the reasons set forth above, Relator respectfully prays that this Court issue its writ of mandamus commanding the Honorable Roy Moore, Judge of the 245th Judicial District Court of Harris County, Texas, to rule on Relator's Motion for Enforcement of Property Division.

Respectfully Submitted,

**SCHLANGER, SILVER, BARG & PAINE, LLP**

Patricia A. Wicoff
State Bar No. 21422500
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Tel: (713) 735-8514
Fax: (713) 351-4514
pwicoff@ssbplaw.com (non-service emails)
famlawservice@ssbplaw.com (email service only)
Attorney for Paula Tomasi, Relator

## CERTIFICATION

I certify that I have reviewed the above Petition for Writ of Mandamus and I have concluded that every factual statement in said petition is supported by competent evidence included in the appendix or record filed with this Court.

_____
Patricia A. Wicoff

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words continued in this document is 1,888 and that I am relying upon the program used to prepare this document for such word count.

_____
Patricia A. Wicoff

15

## CERTIFICATE OF SERVICE

I certify that a true copy of this Petition for Writ of Mandamus was served on all parties in accordance with Texas Rules of Appellate Procedure 6.3 and 9.5(b), (d) and (e) on March 26, 2015 as follows:

*Via: Hand Delivery*

THE HONORABLE ROY MOORE, Respondent Trial Judge
245th Judicial District Court
201 Caroline, 15th Floor, Houston, Texas 77002

*Via: Electronic Delivery*

WENDY S. BURGOWER, Burgower & Rainwater L.L.P.
3355 W. Alabama, Suite 825 Houston, Texas 77098

Attorney for Real Party in Interest: DIEGO DAVID TOMASI

_____
Patricia A. Wicoff
Attorney for Relator

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Appellate Procedure.

_____
Patricia A. Wicoff
Attorney for Relator

16

*APPENDIX A:*

## AFFIDAVIT OF PATRICIA A. WICOFF

STATE OF TEXAS            §
                                             §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned Notary Public, personally appeared Patricia A. Wicoff, who, after being duly sworn, stated under oath:

"My name is Patricia A. Wicoff. I am above the age of eighteen years of age, and I am fully competent to make this affidavit. I am the attorney of record for Relator, Paula J. Tomasi, in this Petition for Writ of Mandamus. I am licensed to practice law in the state of Texas. I have thoroughly reviewed the Court's file in this matter. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"Attached to this affidavit are true and correct copies of the following pleadings:

_____
Patricia A. Wicoff

SUBSCRIBED AND SWORN TO BEFORE ME on this 26ᵗʰ day of March, 2015, to certify which witness my hand and official seal.

ELIZABETH M. RODRIGUEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 01-19-2017

_____
Notary Public, State of Texas

Elizabeth M. Rodriguez
_____
Notary's Printed Name

17

*APPENDIX B:*

This appendix contains the following:

**EXHIBIT**

| | | | |
|---|---|---|---|
| A. | Agreed Final Decree of Divorce | *Court* | 3/20/13 |
| B. | Motion for Enforcement of Property Division | *Wicoff* | 4/25/13 |
| C. | Motion for Court to Render Judgment | *Wicoff* | 10/9/14 |

_____
Patricia A. Wicoff

SUBSCRIBED AND SWORN TO BEFORE ME on this _26th_ day of March, 2015, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

ELIZABETH M. RODRIGUEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 01-19-2017

Elizabeth M. Rodriguez
Notary's Printed Name

18

# EXHIBIT A

### *Agreed Final Decree of Divorce*

## CAUSE NO. 2012-03438

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| DIEGO DAVID TOMASI | § | HARRIS COUNTY, T E X A S |
| AND | § | |
| PAULA TOMASI | § | 245TH JUDICIAL DISTRICT    V 5165 |

**FINAL DECREE OF DIVORCE**

**F I L E D**
Chris Daniel
District Clerk

On March, **15**_____, 2013 the Court heard this case.

MAR 19 2013
Time:_____**301**_____
Harris County, Texas
By_____**CLd**_____
Deputy

*Appearances*

Petitioner, **DIEGO DAVID TOMASI**, appeared in person and through attorney of record, Wendy S. Burgower, and announced that the parties had reached an agreement as evidenced by the signatures of Petitioner and Petitioner's attorney appearing below.

Respondent, **PAULA TOMASI** , has made a general appearance and has agreed to the terms of this judgment to the extent permitted by law, as evidenced by the signature of Respondent and Respondent's attorney of record, Patricia A. Wicoff, appearing below.

*Record*

The record of testimony was waived by the parties with the consent of the Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

492802-1

Page 1 of 5

DDT

### Agreement of Parties

The Court finds that the parties have entered into an Agreement Incident to Divorce, in a document separate from this Final Decree of Divorce. The Court approves the agreement and incorporates it by reference as part of this decree as if it were recited herein verbatim and orders the parties to do all things necessary to effectuate the agreement including but not limited to signing any and all documents necessary for the immediate transfer of assets to the party to whom awarded. A copy of the agreement is not filed with the records of this Court.

The Court further finds that the Final Decree of Divorce and Agreement Incident to Divorce represent a merger of a mediation agreement between the parties. To the extent there exist any differences between the mediation agreement and the Final Decree of Divorce and the Agreement Incident to Divorce the Final Decree of Divorce and the Agreement Incident to Divorce shall control in all instances.

### Divorce

IT IS ORDERED AND DECREED that DIEGO DAVID TOMASI, Petitioner, and PAULA TOMASI, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

### Child of the Marriage

The Court finds that there is no child of the marriage of Petitioner and Respondent now under eighteen years of age or otherwise entitled to support and that none is expected.

### Division of Marital Estate

The Court ORDERS that the property of the parties is divided as set for in the Agreement Incident to Divorce which the which the Court finds to be a just and right division of the parties' assets and liabilities.

### Resolution of Temporary Orders

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on October 12, 2012.

IT IS FURTHER ORDERED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the additional temporary order of this Court rendered on January 24, 2013.

---

DDT

## Discharge fromDiscovery Retention Requirement

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

## Decree Acknowledgment

Petitioner, **DIEGO DAVID TOMASI**, and Respondent, **PAULA TOMASI**, each acknowledge that before signing this Final Decree of Divorce and Agreement Incident to Divorce they have read this Final Decree of Divorce and Agreement Incident to Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce and Agreement Incident to Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce and Agreement Incident to Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce and the Agreement Incident to Divorce signed by each party.

## Indemnification

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those reflected in the parties' Agreement Incident to Divorce. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

---

492802-1

*D.D.T.*
DDT

VPT

The parties agree and **IT IS ORDERED** that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

### *Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

### *Relief Not Granted*

**IT IS ORDERED AND DECREED** that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

**Date of Judgment**          MAR 20 2013

SIGNED on _____,2013.

ASSOCIATE JUDGE ▮▮▮▮▮▮▮▮▮▮

APPROVED AS TO FORM ONLY:

*Burgower & Rainwter, LLP*

By:_____
          WENDY S. BURGOWER
          State Bar No. 03383600
          Attorney for Petitioner
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone:    (713)   529-3982
Telefax:      (713)   522-5045

---

*A.D.T.*
DDT

*Schlanger, Silver, Barg & Paine, LLP*

By: _____
        PATRICIA A. WICOFF
        State Bar No. 21422500
        AMY R. HARRIS
        State Bar No. 24041057
        Attorneys for Respondent
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713)  735-8514
Telefax:       (713)  351-4514

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____
DIEGO DAVID TOMASI, Petitioner

_____
PAULA TOMASI, Respondent

DDT

PT



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

MAR 2 0 2013

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

# EXHIBIT B

*Motion for Enforcement of Property Division*

FILED
Chris Daniel
District Clerk

APR 25 2013

Time _____

By _____

CAUSE NO. 2012-03438

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| DIEGO DAVID TOMASI | § | HARRIS COUNTY, T E X A S |
| AND | § | |
| PAULA TOMASI | § | 245TH JUDICIAL DISTRICT |

## PETITION FOR ENFORCEMENT OF PROPERTY DIVISION BY CONTEMPT

1. Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2. This suit is brought by **PAULA TOMASI**, Petitioner. The last three numbers of **PAULA TOMASI's** Texas driver's license number are 180. The last three numbers of **PAULA TOMASI's** Social Security number are 634.

Respondent is **DIEGO DAVID TOMASI**.

3. Process should be served at 157 Surf Court, Houston, Texas 77058 or wherever he may be found.

4. On or about March 20, 2013, the 245th Judicial District Court of Harris County, Texas, entered a Final Decree of Divorce dissolving the marriage of Petitioner and Respondent. A certified copy of the Final Decree of Divorce is attached to this pleading as <u>Exhibit A</u>. In addition to the Final Decree of Divorce, the parties executed an Agreement Incident to Divorce, in a document separate from Final Decree of Divorce that was not filed with the record of the Court. This Petition for Enforcement seeks to enforce the terms of the Agreement Incident to Divorce and states in relevant part as follows:

### *Page 7-8*

#### *3.5    Future Profit Sharing Contribution*

DIEGO DAVID TOMASI, in his capacity as president of Anchor Marine and Industrial Supply, Inc. ("the company") shall cause to be made in a timely manner, but in no event later than February 28, 2013, the maximum profit sharing contribution of $50,000 to the account maintained for PAULA TOMASI and awarded to her herein. In the event that PAULA TOMASI has transferred her funds to a different financial institution, then and in that event, DIEGO DAVID TOMASI shall make the payment to the financial institution designated by PAULA TOMASI.

DIEGO DAVID TOMASI, in his capacity as president of Anchor Marine and Industrial Supply, Inc. ("the company") shall cause to be made in a timely manner, but in no event later than February 28, 2013, the maximum profit sharing contribution of $50,000 to the account maintained for DIEGO DAVID TOMASI and awarded to him herein.

*Page 8*

### 3.3 Sale of Boats

The following boats shall be sold which sale shall be under the control of PAULA TOMASI who shall notify DIEGO DAVID TOMASI within twenty-four hours (24) of placing the boats with a boat dealer or utilizing some other manner of selling the boats. DIEGO DAVID TOMASI shall execute any document necessary to consummate a sale within three days (3) hours of being presented the documents, and shall provide access to the boats in his possession within three days (3) of a request by PAULA TOMASI, including but not limited to "c." below.

 a. The 1962 Aluminum Outboard 18ft. boat located in the Mystic garage;

 b. The 1999 Chesapeake 23ft Steiger Craft with trailer and 2 outboard engines, located at the Mystic garage;

 c. The 1997 Offshore 30ft Century boat with 2 Yamaha engines and Techsun trailer, located at the Northdale storage; and

 d. 1962 Chris Craft 18' boat located in Mystic, Connecticut.

Upon the sale of any of the boats PAULA TOMASI shall provide to DIEGO DAVID TOMASI the details of the sale reflecting the net sales price. PAULA TOMASI shall mail to DIEGO DAVID TOMASI a check for fifty (50%) percent of the proceeds within 3 days of the funds clearing the bank wherein the proceeds are deposited.

Petitioner was the Respondent and Respondent was the Petitioner in the prior proceedings.

5. Respondent has failed to comply with the order described above as follows:

**Violation 1.** On or about February 28, 2013, **DIEGO DAVID TOMASI** did not make or cause to make the profit sharing contribution of $50,000 to the account maintained for **PAULA TOMASI** or in any other account designated by **PAULA TOMASI**.

**Violation 2.** On or about March 18, 2013, counsel for **PAULA TOMASI** notified counsel

for **DIEGO DAVID TOMASI** via email that **PAULA TOMASI** scheduled to retrieve the 1997 Offshore 30ft Century boat with 2 Yamaha engines and Techsun trailer, located at the Northdale storage boat for the purposes of preparing the boat for sale during the week of April 15, 2013. The date was agreed to by **DIEGO DAVID TOMASI**. Thereafter, on or about April 18, 2013, **PAULA TOMASI** again provided notice to **DIEGO DAVID TOMASI** that she scheduled to retrieve the 1997 Offshore 30ft Century boat with 2 Yamaha engines and Techsun trailer, located at the Northdale storage, at 11:00 a.m. on April 22, 2013. Although, **DIEGO DAVID TOMASI** was more than one months notice, after **DIEGO DAVID TOMASI** agreed to the date, and after a date and time certain was provided **DIEGO DAVID TOMASI, DIEGO DAVID TOMASI** failed to provide **PAULA TOMASI** access to the 1997 Offshore 30ft Century boat with 2 Yamaha engines and Techsun trailer, located at the Northdale storage boat in order for her to comply with the terms of the settlement

6.     Petitioner seeks an order directing Respondent to comply with the terms of the Agreement Incident to Divorce, pages 7 – 8, section 3.5, titled *Profit Sharing Contribution*. Petitioner should be ordered to immediately make the maximum profit sharing contribution of $50,000 to the account maintained for **PAULA TOMASI**.

7.     Petitioner further seeks an order directing Respondent to company with the terms of the Agreement Incident to Divorce page 7, section 3.3, titled *Sale of Boats*. Petitioner should be ordered to immediately turn over the 1997 Offshore 30ft Century boat with 2 Yamaha engines and Techsun trailer, located at the Northdale storage boat.

8.     Petitioner requests that Respondent be held in contempt, jailed, and fined for each violation alleged above.

9.     Petitioner requests that Respondent be confined in the county jail for eighteen months or until Respondent complies with the order of the Court.

10.     Petitioner requests that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

11.     It was necessary to secure the services of Patricia A. Wicoff, a licensed attorney, and the law firm of *Schlanger, Silver, Barg & Paine, LLP*, to enforce and protect the rights of **PAULA TOMASI**. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

Petitioner prays that citation and notice issue as required by law, that the Court render an order directing Respondent to comply with the terms of the Agreement Incident to Divorce pertaining to the profit sharing contribution and that Respondent be held in contempt and punished as requested, that the Court clarify any part of its prior order found not to be specific enough to be enforced by contempt, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully Submitted,

*Schlanger, Silver, Barg & Paine, LLP*

By: _____

Patricia A. Wicoff
State Bar No. 21422500
Amy R. Harris
State Bar No. 24041057
Attorneys for Respondent, Paula Tomasi
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:     (713) 735-8514
Facsimile:     (713) 351-4514

| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
|---|---|---|
| THE MARRIAGE OF | § | |
| | § | |
| DIEGO DAVID TOMASI | § | HARRIS COUNTY, T E X A S |
| AND | § | |
| PAULA TOMASI | § | 245TH JUDICIAL DISTRICT |

## FINAL DECREE OF DIVORCE

On March, _15_____, 2013 the Court heard this case.

### *Appearances*

Petitioner, **DIEGO DAVID TOMASI**, appeared in person and through attorney of record, Wendy S. Burgower, and announced that the parties had reached an agreement as evidenced by the signatures of Petitioner and Petitioner's attorney appearing below.

Respondent, **PAULA TOMASI**, has made a general appearance and has agreed to the terms of this judgment to the extent permitted by law, as evidenced by the signature of Respondent and Respondent's attorney of record, Patricia A. Wicoff, appearing below.

### *Record*

The record of testimony was waived by the parties with the consent of the Court.

### *Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

### *Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

DDT

# EXHIBIT A

PT

*Agreement of Parties*

The Court finds that the parties have entered into an Agreement Incident to Divorce, in a document separate from this Final Decree of Divorce. The Court approves the agreement and incorporates it by reference as part of this decree as if it were recited herein verbatim and orders the parties to do all things necessary to effectuate the agreement including but not limited to signing any and all documents necessary for the immediate transfer of assets to the party to whom awarded. A copy of the agreement is not filed with the records of this Court.

The Court further finds that the Final Decree of Divorce and Agreement Incident to Divorce represent a merger of a mediation agreement between the parties. To the extent there exist any differences between the mediation agreement and the Final Decree of Divorce and the Agreement Incident to Divorce the Final Decree of Divorce and the Agreement Incident to Divorce shall control in all instances.

*Divorce*

IT IS ORDERED AND DECREED that DIEGO DAVID TOMASI, Petitioner, and PAULA TOMASI, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Child of the Marriage*

The Court finds that there is no child of the marriage of Petitioner and Respondent now under eighteen years of age or otherwise entitled to support and that none is expected.

*Division of Marital Estate*

The Court ORDERS that the property of the parties is divided as set for in the Agreement Incident to Divorce which the which the Court finds to be a just and right division of the parties' assets and liabilities.

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on October 12, 2012.

IT IS FURTHER ORDERED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the additional temporary order of this Court rendered on January 24, 2013.

DDT

VPT

*Discharge fromDiscovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Decree Acknowledgment*

Petitioner, DIEGO DAVID TOMASI, and Respondent, PAULA TOMASI, each acknowledge that before signing this Final Decree of Divorce and Agreement Incident to Divorce they have read this Final Decree of Divorce and Agreement Incident to Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce and Agreement Incident to Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce and Agreement Incident to Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce and the Agreement Incident to Divorce signed by each party.

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those reflected in the parties' Agreement Incident to Divorce. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

---

492802-1

DDT

VPT

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

### Clarifying Orders

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

### Relief Not Granted

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

### Date of Judgment

SIGNED on _____,2013.

_____
HONORABLE ROY L. MOORE

APPROVED AS TO FORM ONLY:

*Burgower & Rainwter, LLP*

By:_____
        WENDY S. BURGOWER
        State Bar No. 03383600
        Attorney for Petitioner
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone:     (713)   529-3982
Telefax:       (713)   522-5045

DDT

PT

*Schlanger, Silver, Barg & Paine, LLP*

By: _____

PATRICIA A. WICOFF
State Bar No. 21422500
AMY R. HARRIS
State Bar No. 24041057
Attorneys for Respondent
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:     (713)   735-8514
Telefax:        (713)   351-4514

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____
DIEGO DAVID TOMASI, Petitioner

_____
PAULA TOMASI, Respondent

DDT                                                              PT

CAUSE NO. 2012-03438

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| DIEGO DAVID TOMASI | § | HARRIS COUNTY, TEXAS |
| AND | § | |
| PAULA TOMASI | § | 245TH JUDICIAL DISTRICT |

### ORDER TO APPEAR ON PETITION FOR ENFORCEMENT OF PROPERTY DIVISION BY CONTEMPT

Petitioner, DIEGO DAVID TOMASI, is ORDERED to appear and respond to this Petition for Enforcement of Property Division by Contempt in the 245th Judicial District Court located at the 201 Caroline, Houston, Texas 77002 on the ____6th____ day of ___June___, 2013, at __10:00__ a. m. The purpose of this hearing is to determine whether the relief requested in this motion should be granted.

It is further ordered that any authorized person eighteen years of age or older who is not a party to or interested in the outcome of this suit may serve any citation, notice, or process in this case.

SIGNED on ___APR 26 2013___

ASSOCIATE JUDGE JUDGE PRESIDING

APPROVED:

*Schlanger, Silver, Borg & Paine LLP*

By_____

PATRICIA A. WICOFF
State Bar No. 21422500
AMY R. HARRIS
State Bar No. 24041057
Attorneys for Paula Tomasi
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:     (713) 735-8514
Facsimile:     (713) 785-2091

# EXHIBIT C

*Motion for the Court to Render Judgment*

## CAUSE NO. 2012-03438

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| DIEGO DAVID TOMASI | § | HARRIS COUNTY, T E X A S |
| AND | § | |
| PAULA J. TOMASI | § | 245TH JUDICIAL DISTRICT |

## MOVANT'S MOTION FOR THE COURT TO RENDER JUDGMENT

**COMES NOW**, Movant, **PAULA J. TOMASI** and files this Motion for the Court to Render Judgment and who would respectfully show in support of such motion as follows:

### Chronological and Procedural Background

On or about March 20, 2013, this Court entered a Final Decree of Divorce in the above referenced matter dissolving the parties' marriage and, on or about the same time, the parties executed an Agreement Incident to Divorce providing for the terms of the settlement of the marital estate.

On or about April 25, 2013, Movant filed a Motion for Enforcement of Property Division seeking relief from the Court to intervene in the facilitation of the terms of the settlement agreement.

Thereafter, on or about May 28, 2014, the Court commenced the final trial on Movant's motion for enforcement, and at the close of the day, recessed the trial to the following morning, that being May 29, 2014, and the trial concluded that same day.

### Effects of a Ruling from the Court

It was out of necessity that Movant filed a motion for enforcement and asked the Court to order that the parties comply with the terms of their settlement agreement. Movant's motion did not get heard until more than a year after it was filed, and it has now been more than four (4) months since the trial concluded, and there has not been a ruling.

Additionally, the parties are on the Court's trial docket on a separate post-trial issue. Movant respectfully requests that the Court render in the enforcement matter so that the enforcement is brought to a conclusion, but additionally, so that the current trial setting is not delayed.

As of the date of the filing of this Motion, Movant is unaware of a ruling in the enforcement matter.

627243.1

Movant prays that the Court render a ruling on Movant's Motion for Enforcement and for all further relief authorized by law.

Respectfully Submitted,

*Schlanger, Silver, Barg & Paine, LLP*


By:_____/s/ Patricia A. Wicoff_____
            Patricia A. Wicoff
            State Bar No. 21422500
            Amy R. Harris
            State Bar No. 21422500
            Attorneys for Petitioner, Paula Tomasi
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713) 735-8514
Facsimile:    (713) 351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the 9th day of October, 2014.

Wendy S. Burgower
**BURGOWER & RAINWATER, LLP**                *via electronic delivery*
3355 W. Alabama, Suite 825
Houston, Texas 77098


_____/s/ Patricia A. Wicoff_____
Patricia A. Wicoff
Amy R. Harris
Attorneys for Petitioner, Paula Tomasi